**Kenneth SCRIVEN, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of the State of Colorado; Robert J. Husson, Director of the Division of Labor on Behalf of the Subsequent Injury Fund; Denver Dry Wall Company, Employer, and Employers Fire Insurance Company, Insurer, Respondents.**

**No. 86CA0313.**

Colorado Court of Appeals,
Div. I.

Jan. 22, 1987.

Law Office of Jonathan Wilderman, Jonathan Wilderman, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondents Robert Husson and Industrial Com'n.

Zarlengo, Mott, Zarlengo and Winbourn, Michelle Holland, Zane A. Moseley, Denver, for respondents Denver Dry Wall Co. and Employers Fire Ins. Co.

TURSI, Judge.

The claimant, Kenneth Scriven, seeks review of a final order of the Industrial Commission which affirmed the offset of his workmen's compensation benefits by an amount equal to the benefits he receives from the Centennial State Carpenters' Pension Trust Fund. Claimant contends the commission erred in (1) finding the pension fund was financed by the employer and (2) finding the pension fund was an "employer pension plan" within the meaning of the statute. We affirm.

Claimant was injured while within the scope of his employment and was awarded workmen's compensation benefits. He also received disability benefits from the pension plan. The Commission affirmed the hearing officer's order that claimant's workmen's compensation benefits be reduced by the amount he received from the pension plan pursuant to § 8–51–101(1)(d), C.R.S. (1986 Repl.Vol. 3B). That statute provides:

> "In cases where it is determined that periodic disability benefits are payable to an employee under the provisions of a pension plan financed in whole or in part by the employer, hereinafter called "employer pension plan", the aggregate benefits payable for ... disability pursuant to this section shall be reduced, but not below zero, by an amount equal as nearly as practical to such employer pension plan benefits, with the following limitations:
>
> (I) Where the employee has contributed to the employer pension plan, benefits shall be reduced under this section only in an amount proportional to the employer's percentage of total contributions to the employer pension plan...."

I

■ Claimant asserts the Commission erred by finding the pension fund was financed by the employer. He contends the contributions to the pension fund were part of the wage package obtained by union negotiations and, therefore, are employee contributions to the plan. We disagree.

The summary description of the plan states the benefits are provided through employer contributions, the amount to be determined by collective bargaining with employee representatives. The amount the employer contributes is a direct liability the employer must pay in addition to the claimant's hourly wage. The employees make no direct contribution. Obviously, the pension plan is part of the remuneration the employees receive in exchange for their labor, but such is the case with any pension plan financed by an employer. The fact that the plan is a negotiated employment benefit does not change its character from being employer financed to employee financed.

The intent of the offset provision in § 8–51–101(1)(d) is to prevent an injured employee from receiving "double" disability benefits, *i.e.*, workmen's compensation and disability pension, both financed by the employer. *Myers v. State*, 162 Colo. 435, 428 P.2d 83 (1967). This case falls within the intent of the statute, and the Commission did not err by ordering the workmen's compensation benefits offset by the amount of the disability pension.

## II

The claimant also asserts the Centennial State Carpenters' Pension Trust Fund is not an "employer pension plan" within the meaning of the statute. He contends that, since numerous employers contribute to the plan, it is a "multi-employer" plan, and § 8–51–101(1)(d) contemplates only a "single employer" plan. We disagree.

Claimant relies on the language of the statute which states it applies to an "employer pension plan" and does not mention "multi-employer" plans. His reliance is misplaced. The fact that other employers contribute to the fund is irrelevant. The determination to be made in applying the offset is whether the pension is financed by the employer or employee. If the employee contributes then the offset of benefits is reduced, but nothing in the statute pertains to contributions by other employers. *See* § 8–51–101, C.R.S. (1986 Repl.Vol. 3B).

Furthermore, this interpretation of the statute is consistent with the purpose of the statute. The claimant's employer contributes 100% of the funds which make the claimant eligible to collect the disability pension. The employer also finances the claimant's workmen's compensation benefits. Therefore, the claimant may not receive "double" disability benefits from both sources since both are financed by the employer. *Myers, supra.*

Order affirmed.

PIERCE and CRISWELL, JJ., concur.